# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **BEN B. SCHWARTZ & SONS, INC.**, a Michigan corporation,<br><br>            **Plaintiff,**<br><br>vs.<br><br>**BANANA BROS. PRODUCE, LLC**, a Michigan limited liability company; **CHELSEY GELARDI**, an individual; and **MATTHEW GELARDI**, an individual,<br><br>            **Defendants.** | Case No. |

## CIVIL ACTION COMPLAINT

Defendant Banana Bros. Produce, LLC purchased perishable agricultural commodities (produce) from Plaintiff Ben B. Schwartz & Sons, Inc. but failed to pay as required, causing Schwartz & Sons, Inc. to suffer damages. As a result, Ben B. Schwartz & Sons, Inc. files this complaint to (a) enforce its rights against Defendants under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§499a-t ("PACA"), including the statutory PACA trust (7 U.S.C. §499e(c)) ("PACA Trust"), federal common law, and state law, and (b) recover damages arising from Banana Bros. Produce, LLC's payment failure.

## PARTIES

1. Plaintiff is Ben B. Schwartz & Sons, Inc. ("Schwartz & Sons"), a Michigan corporation with its principal business location in Detroit, Michigan.

2. Defendants are:

    (a) Banana Bros. Produce, LLC ("Banana Bros."), a Michigan limited liability company with its principal business location in Holly, Michigan.

    (b) Chelsey Gelardi ("Chelsey"), an individual who, upon information and belief, resides in Howell, Michigan.

    (c) Matthew Gelardi ("Matthew"), an individual who, upon information and belief, resides in Howell, Michigan.

## JURISDICTION

3. The Court has federal question jurisdiction because Schwartz & Sons' claims arise under PACA. 28 U.S.C. §1331; 7 U.S.C. §499e(b)(2), 7 U.S.C. §499e(c)(5).

4. The Court has supplemental jurisdiction to hear Schwartz & Sons' non-PACA claims against Defendants. 28 U.S.C. §1367(a).

## VENUE

5. Venue is proper because this District is where (a) Banana Bros. has its principal business location, (b) the contracts were entered into, (c) a substantial part of the events and omissions giving rise to Schwartz & Sons' claims, and (d) the relevant property is located. 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

6. Between April 12, 2024, and January 3, 2025, Schwartz & Sons and Banana Bros. entered into contracts in which (a) Schwartz & Sons agreed to sell produce to Banana

Bros. in interstate commerce, and (b) Banana Bros. agreed to pay Schwartz & Sons $396,585.50 for the produce ("Transactions").

7. Banana Bros. received and accepted the produce from Schwartz & Sons.

8. Schwartz & Sons sent invoices to Banana Bros. specifying the agreed quantities of produce and the amounts due.

9. Schwartz & Sons' invoices included terms for attorneys' fees, costs, and 1.5% monthly interest (18% annually) on overdue balances.

10. Banana Bros. did not object to the additional terms.

11. Despite receiving and accepting the produce and invoices, Banana Bros. failed to pay Schwartz & Sons.

12. Banana Bros. owes Schwartz & Sons $396,585.50, plus interest at 18% per year from the date each transaction became past due, attorneys' fees, and costs.

## CLAIMS FOR RELIEF

## COUNT I: BANANA BROS.

## BREACH OF CONTRACT

13. Schwartz & Sons incorporates paragraphs 1 through 12 by reference.

14. As detailed in paragraph 6, Schwartz & Sons and Banana Bros. entered into the Transactions.

15. Banana Bros. failed to pay for the produce.

16. Schwartz & Sons fully performed all conditions precedent to the contracts.

17. Because Banana Bros. breached the parties' contracts, Schwartz & Sons has incurred damages of $396,585.50, plus interest at 18% per year from the date each transaction became past due, costs, and attorneys' fees.

For these reasons, Schwartz & Sons requests a judgment in its favor and against Banana Bros. for $396,585.50, plus interest at 18% per year from the date each transaction became past due, costs, and attorneys' fees.

## COUNT II: BANANA BROS.

### FAILURE TO PAY PROMPTLY
### 7 U.S.C. §499b(4)

18. Schwartz & Sons incorporates paragraphs 1 through 12 by reference.

19. Banana Bros. qualifies as a produce dealer under PACA because it has bought and sold at least 2,000 pounds of produce in a single day.

20. During the Transactions, Banana Bros. held a valid PACA license (No. 20240093) issued by the United States Department of Agriculture ("USDA").

21. As a PACA-licensed produce dealer, Banana Bros. must tender full payment promptly to its produce suppliers and sellers.

22. As stated in paragraph 6, Schwartz & Sons and Banana Bros. entered into the Transactions.

23. Banana Bros. failed to pay for the produce within the payment term.

24. Because Banana Bros. failed to pay promptly, Schwartz & Sons has incurred damages of $396,585.50, plus interest at 18% per year from the date each transaction became past due, costs, and attorneys' fees.

For these reasons, Schwartz & Sons seeks an Order directing Banana Bros. to immediately pay Schwartz & Sons $396,585.50, plus interest at 18% per year from the date each transaction became past due, costs, and attorneys' fees.

## COUNT III: DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. §499e(c)*

25. Schwartz & Sons incorporates paragraphs 1 through 12 by reference.

26. As stated in paragraph 6, Schwartz & Sons and Banana Bros. entered into the Transactions.

27. Banana Bros. qualifies as a produce dealer under PACA because it purchased and sold at least 2,000 pounds of produce in a single day under PACA license number 20240093.

28. Upon receiving and accepting the produce, Banana Bros. became a trustee under the PACA Trust, with Schwartz & Sons eligible to participate in the PACA Trust.

29. Schwartz & Sons is licensed under PACA (No. 19161958) to buy and sell wholesale quantities of produce in interstate commerce.

30. As a PACA licensee, Schwartz & Sons preserved its rights as a PACA Trust beneficiary of Banana Bros. by including the required statutory statement on each invoice sent to Banana Bros.

31. Banana Bros. failed to pay for the produce purchased from Schwartz & Sons.

32. As an unpaid produce supplier and seller, Schwartz & Sons is entitled to protection under the PACA Trust and payment from Banana Bros.' PACA Trust assets.

For these reasons, Schwartz & Sons seeks an Order declaring that it holds a valid PACA Trust claim of $396,585.50 against Banana Bros., plus interest at 18% per year from the date each transaction became past due, costs, and attorneys' fees.

**COUNT IV: BANANA BROS.**

**CREATION OF COMMON FUND, ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS, FAILURE TO MAINTAIN PACA TRUST, AND PERMANENT INJUNCTION**
*7 U.S.C. §499e(c)*

33. Schwartz & Sons incorporates paragraphs 1 through 12 and 26 through 32 by reference.

34. PACA Trust assets include Banana Bros.' produce inventories, food or products derived from produce, accounts receivable, proceeds of the sale of produce or products, and assets commingled, purchased, or otherwise acquired with produce sales proceeds (collectively, "PACA Trust Assets").

35. Banana Bros. received and accepted the produce as described in paragraph 6.

36. Banana Bros. has custody and control over the PACA Trust Assets belonging to Schwartz & Sons.

37. As a PACA trustee, Banana Bros. must hold the PACA Trust Assets in trust for Schwartz & Sons and other unpaid produce sellers and suppliers with valid PACA Trust claims, until all have received full payment.

38. Banana Bros. failed to maintain sufficient PACA Trust Assets to satisfy all valid PACA Trust claims, including Schwartz & Sons' PACA Trust claim.

39. Banana Bros.'s failure to maintain the PACA Trust is a violation of its statutory PACA duties. 7 U.S.C. §499b(4).

40. Because Banana Bros. failed to maintain sufficient PACA Trust Assets to satisfy Schwartz & Sons' PACA Trust claim, Schwartz & Sons has incurred damages of $396,585.50, plus interest at 18% per year from the date each transaction became past due, costs, and attorneys' fees.

For these reasons, Schwartz & Sons seeks an Order:

(i) Directing Banana Bros. to immediately pay Schwartz & Sons $396,585.50, plus interest at 18% per year from the date each transaction became past due, costs, and attorneys' fees;

(ii) Establishing a common fund for payment to all PACA Trust beneficiaries;

(iii) Requiring Banana Bros. to maintain PACA Trust Assets of at least $396,585.50, plus amounts owed to other unpaid produce sellers and suppliers with valid PACA Trust claims;

(iv) Permanently enjoining Banana Bros. from dissipating PACA Trust Assets;

(v) Ordering Banana Bros. to replenish the PACA Trust to a level sufficient to satisfy all qualified PACA Trust claims; and

(vi) Granting all other relief deemed appropriate by the Court.

## COUNT V: CHELSEY

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

41. Schwartz & Sons incorporates paragraphs 1 through 12, 26 through 32, and 34 through 40 by reference.

42. According to the Michigan Secretary of State, Chelsey is a Manager for Banana Bros.

43. According to the Produce Blue Book, Chelsey owns 51% of Banana Bros. and is a Managing Member.

44. Banana Bros. lists Chelsey as the sole reported principal on its PACA license.

45. Chelsey held these positions during the Transactions.

46. In these capacities, Chelsey had control, or was in a position to exercise control, over Banana Bros.' PACA Trust Assets.

47. Chelsey had full knowledge of and responsibility for Banana Bros.' operations and financial dealings.

48. Chelsey had fiduciary duties to ensure that Banana Bros. fulfilled its duties as PACA trustee.

49. Banana Bros. breached its PACA Trust obligations by failing to maintain sufficient PACA Trust Assets to satisfy Schwartz & Sons' PACA Trust claim.

50. Chelsey breached her fiduciary duties by failing to ensure Banana Bros.' compliance with its duties as PACA trustee.

51. Because Chelsey breached her fiduciary duties, Schwartz & Sons suffered damages of $396,585.50, plus interest at 18% per year from the date each transaction became past due, costs, and attorneys' fees.

For these reasons, Schwartz & Sons seeks a judgment in its favor and against Chelsey for $396,585.50, plus interest at 18% per year from the date each transaction became past due, attorneys' fees, and costs, less any PACA Trust Assets recovered by Schwartz & Sons.

## COUNT VI: MATTHEW

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

52. Schwartz & Sons incorporates paragraphs 1 through 12, 26 through 32, and 34 through 40 by reference.

53. According to the Produce Blue Book, Matthew is a Member at Banana Bros. and owns 49% of Banana Bros.

54. Matthew held these positions during the Transactions.

55. In these capacities, Matthew had control, or was in a position to exercise control, over Banana Bros.' PACA Trust Assets.

56. Matthew had full knowledge of and responsibility for Banana Bros.' operations and financial dealings.

57. Matthew had fiduciary duties to ensure that Banana Bros. fulfilled its duties as PACA trustee.

58. Banana Bros. breached its PACA Trust obligations by failing to maintain sufficient PACA Trust Assets to satisfy Schwartz & Sons' PACA Trust claim.

59. Matthew breached his fiduciary duties by failing to ensure Banana Bros.' compliance with its duties as PACA trustee.

60. Because Matthew breached his fiduciary duties, Schwartz & Sons suffered damages of $396,585.50, plus interest at 18% per year from the date each transaction became past due, costs, and attorneys' fees.

For these reasons, Schwartz & Sons seeks a judgment in its favor and against Matthew for $396,585.50, plus interest at 18% per year from the date each transaction became past due, attorneys' fees, and costs, less any PACA Trust Assets recovered by Schwartz & Sons.

Respectfully submitted this Monday, February 17, 2025.

**MEUERS LAW FIRM, P.L.**

By: /s/ Steven E. Nurenberg
Steven E. Nurenberg - P43101
5385 Park Central Court, Suite 2
Naples, FL  34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
snurenberg@meuerslawfirm.com

*Attorneys for Plaintiff*
*Ben B. Schwartz & Sons, Inc.*